**Daniel K. GRAHAM, Plaintiff,**

v.

**DUNFEY'S PARKER HOUSE HOTEL AND RESTAURANT, Defendant.**

**Civ. A. No. 76–3748–C.**

United States District Court, D. Massachusetts.

Sept. 14, 1978.

Warren D. Atlas, Boston, Mass., for plaintiff.

Norman Holtz and Edward Bograd, Holtz & Drachman, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

This is a civil rights action, in which plaintiff seeks declaratory, injunctive, and monetary relief, and alleges various practices of discrimination in employment on the basis of race. Claims are presented under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.*, the Civil Rights Acts of 1870, 42 U.S.C.A. 1981, and the Thirteenth and Fourteenth Amendments of the United States Constitution. The only jurisdiction invoked is pursuant to 28 U.S.C.A. §§ 1331, 2201–02. Defendant has moved to dismiss the complaint in whole or in part, and in the alternative, requests a more definite statement with respect to paragraphs 17 and 18 of the complaint. Plaintiff seeks leave to correct by amendment technical errors in his complaint. After a hearing and a review of the parties' memoranda, I rule as follows.

The complaint charges that plaintiff, Daniel K. Graham, a black male, was formerly employed as a cashier by defendant, Dunfey's Parker House Hotel and Restaurant (Dunfey's). Graham's term of employment began about September 7, 1974 and ended with his discharge about June 2, 1976. Graham filed a series of charges of employment discrimination with the pertinent administrative agencies. The first was filed on November 14, 1974 with the Massachusetts Commission Against Discrimination (MCAD) and was subsequently referred by the MCAD to the United States Equal Employment Opportunity Commission (EEOC) on November 21, 1974 (Charge No. TB05–1366). Three other charges were filed directly with the EEOC on October 16, 1975 (Charge No. TB06–0888), May 6, 1976, and June 2, 1976. The complaint identifies the latter two filings only as "further" charges, and does not characterize them as amendments to the October 16, 1975 charge. On August 3, 1976, Graham received from the EEOC a notice of right to sue relative to Charge No. TB06–0888. Suit was timely filed in this Court within 90 days of the

receipt of the Notice. *See* 42 U.S.C.A. § 2000e–5(f)(1).

In essence, the complaint charges that Dunfey's continually harassed Graham, preferred a subsequently-hired cashier over Graham for promotion to the position of Head Cashier, and finally discharged Graham for three reasons: his race; his prior complaint to defendant and the Massachusetts Department of Labor and Industries about work break and overtime policies, and other terms and conditions of employment; and his filing of charges with the EEOC. Graham also complains that Dunfey's entire hiring and promotional policy is discriminatory and that he has been unable to obtain similar alternative employment because Dunfey's has supplied prospective employers with damaging references that allegedly are untrue, discriminatory, and illegal.

Defendant offers three grounds in support of its motion to dismiss the Title VII claim: (1) that numerous and substantial defects in the processing of Graham's charges by the MCAD and the EEOC have denied defendant due process; (2) that various allegations in the complaint, though based on other charges filed with the EEOC, are beyond the reasonable scope of Charge No. TB06–0888 on which plaintiff's jurisdictional right-to-sue letter is based; and (3) that certain allegations fail to state a claim upon which relief can be granted. Since some of this procedural history constitutes matter outside the complaint, which has been presented to and is not excluded by the Court in its discretion, the Rule 12(b)(6) motion shall be treated as a motion for summary judgment under Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(b); *Medina v. Rudman*, 545 F.2d 244, 247 (1st Cir. 1976), *cert. den.*, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 177 (1977); J. Moore & J. Lucas, 2A *Moore's Federal Practice* ¶ 12.09, at 2313 (2d ed. 1975).

No cases or regulations have been cited by defendant in support of the proposition that procedural defects in proceedings before the EEOC and the MCAD defeat this Court's jurisdiction or otherwise present grounds for summary judgment.

■ The central decision with respect to Title VII procedure is *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). There the Supreme Court held that the jurisdictional prerequisites to initiation of a federal civil action under Title VII are the timely filing of charges of employment discrimination with the EEOC, *see* 42 U.S.C.A. § 2000e–5(e), and receipt and timely action by the plaintiff upon the EEOC's statutory notice of the right to sue, *see* 42 U.S.C.A. § 2000e–5(f)(1). 411 U.S. at 798, 93 S.Ct. 1817. Both requirements have been satisfied here. Accordingly, defendant cannot prevail on the first ground urged in support of the motion to dismiss the Title VII claim.

■ Dunfey's next contention is that certain allegations in the complaint are beyond the scope of the specific EEOC charge (No. TB06–0888) which forms the sole basis of Graham's jurisdictional right-to-sue letter. Mindful of the remedial purposes of Title VII, courts generally have not applied a rigid technical standard in evaluating claims of this nature challenging the relationship between the initial charge to the EEOC and the complaint filed in federal court. *See, e. g., Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970). Accordingly, I rule that defendant's second ground is without legal merit.

■ Defendant's third ground—failure of the complaint to state a claim upon which relief can be granted—establishes that defendant is unaware of the provisions of Rule 8 of the Federal Rules of Civil Procedure, which does not require a statement of detailed or ultimate facts but rather merely requires "a short and plain statement of the claim." *See Austin v. House of Vision, Inc.*, 385 F.2d 171, 172 (7th Cir. 1967). I rule that there is no merit to the third ground advanced by defendant in support of the motion to dismiss.

The complaint herein is adequate to put defendant on notice as to the nature of the claims advanced by plaintiff, and, having in mind the disfavor which motions for a more definite statement are looked upon in feder-

al practice, the motion for a more definite statement is denied. Lastly, it should be noted that plaintiff's motion to amend its designation of defendant is allowed.

Consequently, it is ORDERED that defendant's motion to dismiss and for a more definite statement are denied, and plaintiff's motion to amend is allowed.