Edward C. HUSSEY, Plaintiff-Appellant,

v.

James Leo SULLIVAN, et al.,
Defendants-Appellees.

Edward C. HUSSEY, Plaintiff-Appellee,

v.

James Leo SULLIVAN, et al.,
Defendants-Appellants.

Nos. 80–1671, 80–1713.

United States Court of Appeals,
First Circuit.

Argued May 5, 1981.

Decided June 19, 1981.

John D. McElhiney, Woburn, Mass., with whom Wayne A. Perkins, and McSweeney, Snow, Sheehan & Perkins, Somerville, Mass., were on brief, for Edward C. Hussey.

Edward D. Kalman, Boston, Mass., with whom Kenneth A. Behar, Barbara J. Sproat, and O'Leary, Behar & Kalman, Boston, Mass., were on brief, for City Officials of the City of Cambridge.

Francis X. Bellotti, Atty. Gen., and E. Michael Sloman, Asst. Atty. Gen., Boston, Mass., on brief for the Personnel Administrator for the Commonwealth of Massachusetts.

Before BOWNES and BREYER, Circuit Judges, and WYZANSKI,* Senior District Judge.

PER CURIAM.

Plaintiff-appellant, Edward C. Hussey, appeals the district court's ruling 498

* Of the District of Massachusetts, sitting by designation.

F.Supp. 594, that his civil rights action based on 42 U.S.C. §§ 1983 and 1985(3) was barred by the six months limitation mandated by Mass.Gen.Laws Ann. ch. 31, § 42, which it found to be the state law "most analogous" to appellant's claim. We affirm.

Plaintiff, a police officer for the City of Cambridge, Massachusetts, brought this action after his name had been omitted from a civil service eligibility list for promotion to sergeant. The plaintiff claimed that he had been bypassed for promotion for two reasons: (1) personal animosity and ill will between himself and the then chief of police (now deceased); and (2) his active and vocal participation in the Cambridge Patrolmen's Association plus his outspoken criticism of both the administration of the police department and political interference in its affairs by members of the Cambridge City Counsel.

In *Burns v. Sullivan*, 619 F.2d 99 (1st Cir.), *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980), we considered the appeal of another officer whose name was omitted from the same list. Burns claimed, *inter alia*, that he had been deprived of equal protection of the laws because of racial discrimination. In affirming the district court's grant of summary judgment for defendants, we held that Burns' equal protection claim was barred by the Massachusetts statute of limitations specifically applicable to such claims when brought in the state court, Mass.Gen.Laws Ann. ch. 151B, § 5.[1] We stated:

It is now well established that the federal courts will look to the state statute or remedy "most analogous" to the particular civil rights cause of action to determine the time limitation under the Civil Rights Acts. *Runyon v. McCrary*, 427 U.S. 160, 180, 96 S.Ct. 2586, 2599, 49 L.Ed.2d 415 (1976); *Ramirez de Arellano v. Alvarez de Choudens*, 575 F.2d 315, 318 (1st Cir. 1978).

1. The district court did not reach the issue of the applicable state statute of limitations. It assumed, without discussion, that the two-year limitations on tort actions applied.

*Burns* at 105. To ascertain the "most analogous" state statute of limitations requires

consideration of four questions: (1) the nature of the federal cause of action, *see Davis v. United States Steel Supply*, 581 F.2d 335, 337 (3d Cir. 1978); (2) the analogous state causes of action; (3) the state statutes of limitations for those causes of action; and (4) which of the state statutes of limitations is the most appropriate under federal law, *see Johnson v. Railway Express Agency, Inc.*, 421 U.S. [454] at 462 n.7, 95 S.Ct. [1716] at 1721 n.7 [44 L.Ed.2d 295]. *See generally Ware v. Colonial Provision Co., Inc.*, 458 F.Supp. 1193, 1194–95 (D.Mass.1978).

*Burns* at 105. *See United Parcel Service v. Mitchell,* —— U.S. —— – ——, 101 S.Ct. 1559, 1562, 67 L.Ed.2d 732 (1981). Using those criteria in *Burns*, we applied the six months statute of limitations of the Massachusetts statute governing claims of racial discrimination, Mass.Gen.Laws Ann. ch. 151B, § 5.

■ Although the legal basis for Hussey's complaint differs from that in *Burns*, the district court properly adhered to the principle of *Burns* in ascertaining the statute of limitations applicable to the plaintiff's claim. Hussey's attempt to distinguish his action from *Burns* on the ground that there is no Massachusetts law exactly on point, as there was in *Burns*, depends on a distinction that makes no difference. The district court correctly ruled that the most *analogous* state law is Mass.Gen.Laws Ann. ch. 31, § 42, which provides in pertinent part:

The supreme judicial court or the superior court shall have jurisdiction over any civil action for the reinstatement of any person alleged to have been illegally discharged, removed, suspended, laid off, transferred, lowered in rank or compensation, or whose civil service position is alleged to have been illegally abolished. Such civil action shall be filed within six months next following such alleged illegal act, unless the court upon a showing of cause extends such filing time.

The allegedly illegal acts at issue here were committed on or before July 9, 1975; the complaint was filed in April of 1976. Plaintiff has not advanced, either here or in the district court, any reason why the filing time should be extended. As stated in *Burns*, we consider it reasonable to require a plaintiff to bring actions of this type within six months of the occurrence of the alleged unlawful act. We note that plaintiff here commenced a state court action based on the same facts within thirty days after the acts complained of occurred.

We affirm that portion of the district court opinion dealing with the applicable state statute of limitations. Because this disposes of the case, we do not reach the issues of failure to exhaust administrative remedies and procedural due process.

*Affirmed.*