Dorothy MAMOS, Plaintiff,

v.

SCHOOL COMMITTEE OF the TOWN OF WAKEFIELD, et al., Defendants.

Civ. A. No. 78–2867–MC.

United States District Court,
D. Massachusetts.

Jan. 3, 1983.

**56.** *See* Order Granting and Denying Motions for Summary Judgment, filed on September 2, 1982. *See also* n. 1, *supra*.

Jura Strimaitis, Strimaitis & Kehoe, Lynn, Mass., Robert J. Doyle, Doyle, Playter, Novick & Berkin, Dorchester, Mass., for plaintiff.

Mario L. Simeola, Town Counsel, Wakefield, Mass., for defendants.

Maria J. Woodford, Moulton & Looney, Boston, Mass., for School Committee of Town of Wakefield, Town of Wakefield and Robert E. Palumbo and L. Colucci.

Francis X. Kiley, Badger, Sullivan, Kelley & Cole P.C., Boston, Mass., for Temp. Ed. Associates, Inc.

McNAUGHT, District Judge.

In this action, the plaintiff alleges that the defendants violated her rights under various federal and state laws by denying her teaching opportunities because of her sex and by subjecting her to retaliation for making complaints to the Massachusetts Commission Against Discrimination (MCAD) and the Equal Employment Opportunity Commission (EEOC). Named as defendants are the Town of Wakefield; its School Committee; Robert E. Palumbo, individually and as Principal of the Montrose and Dolbeare Schools in Wakefield; and Lucien Colucci, individually and as Superintendent of Schools.

This matter came on to be heard on defendants' motion for partial summary judgment. Defendants assert that certain of the plaintiff's claims 1) are barred by her failure to exhaust administrative remedies, 2) are time-barred, 3) are inadequately pleaded, 4) are barred by laches, and 5) do not state claims upon which relief can be granted.

I. *Relevant Facts*

The plaintiff began teaching in Wakefield in September, 1968, as a fourth grade untenured elementary teacher. She left the system in January of 1970 to have her first child, who was born in May of that year.[1] Upon her return to teaching in December, 1970, the plaintiff was assigned to a position similar to her previous one.

In June of 1972 the plaintiff again resigned her teaching position in anticipation

of the birth of her second child, who was born in December of 1972. She worked as a substitute teacher, while she was pregnant, until October, 1972.

Plaintiff says that in January of 1973 she notified the superintendent's office to reactivate her application for a permanent position. She resumed substitute teaching in February of 1973 and continued in that capacity for the rest of that year. Plaintiff asserts that full-time positions for which she was qualified became available between January and September of 1973, but were filled by others.

In February of 1974, the plaintiff updated her application for full-time employment. During 1974 the plaintiff continued to work as a "preferred substitute" teacher in the Wakefield schools. She asserts that a large number of full-time positions for which she was qualified were filled between March and September of 1974.

The plaintiff asserts that in October of 1974, the defendant Palumbo told her that she was a "two time loser", in reference to her two resignations for childbirth, and that he would not recommend her for a full-time position. In March of 1975, according to plaintiff, Palumbo again stated to her that he would never recommend her for a permanent teaching position and referred to the fact that she was pregnant for a third time.

The plaintiff filed a charge with the EEOC on April 23, 1975. That charge allegedly was transferred to the MCAD. The plaintiff filed a complaint with the MCAD on July 11, 1975. On March 25, 1977, the MCAD found probable cause to believe that M.G.L. c. 151B had been violated. On April 10, 1978, the EEOC determined that there was reasonable cause to believe that plaintiff's charge was true. The EEOC issued a Right to Sue letter on August 17, 1978. This action was filed on November 7, 1978.

Plaintiff contends that after she filed her charge with the EEOC she was no longer

1. The maternity leave policy in effect in 1970 and in 1972 covered only tenured teachers. Ms. Mamos was not a tenured teacher.

called to substitute teach in the Wakefield schools.

## II. *Failure to Exhaust Administrative Remedies*

The defendants argue that the plaintiff's Title VII claims of forced resignation in 1972, failure to hire in 1973, and failure to hire after 1975 are barred by plaintiff's failure to make those claims the subject of an EEOC charge.

■ The scope of this civil action is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir.1970); *Graham v. Dunfey's Parker House Hotel and Restaurant,* 456 F.Supp. 1066 (D.Mass.1978). Since I find that the EEOC investigation reasonably and logically could be expected to, and apparently did include (see Exhibits to affidavit of Robert J. Doyle), the plaintiff's resignation in 1972 and the defendant's failure to hire her, I will deny this part of the defendants' motion.

## III. *Statutes of Limitations*

### (A) *Waiver*

■ The defendants contend that most of the plaintiff's Title VII claims are barred by the limitations period provided by Title VII. The plaintiff says that that defense should be considered as waived by the defendants' failure to assert it until August of 1979, nine months after the complaint was filed and eight months after the defendants answered.

In answering the complaint originally, the defendants did not assert a statute of limitations defense. Eight months after answering, the defendants moved to amend their answer to assert it. Following a hearing, that motion was allowed by a magistrate.

The plaintiff claims that the defendants had notice since 1975 of her claims of discrimination yet failed to assert a timeliness defense in answering her complaint in 1979. She further argues that there was no valid reason for the delay in asserting the defense and that her discovery was substantially prejudiced by the delay.

The plaintiff is correct in asserting that since *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (U.S.1982), the timely filing of an EEOC charge is not a jurisdictional prerequisite, but rather is a requirement, like a statute of limitations, which is subject to waiver, estoppel and equitable tolling. I do not agree, however, with her contention that the delay in this case constituted a waiver of the defense. I find that neither the delay in asserting the defense nor the prejudice to the plaintiff which may have been caused by that delay was substantial. The defendants did not waive their statute of limitations defense by delaying its assertion.

### (B) *Title VII*

■ 42 U.S.C. § 2000e–5(c)[2] provides that in a deferral state such as Massachusetts no charge may be filed with the EEOC until sixty days after the filing of that charge with the appropriate state agency. The plaintiff filed a charge with the EEOC on April 23, 1975. She did not file a charge with the MCAD until July 11, 1975. Apparently, however, the EEOC transferred the April 23, 1975 complaint to the MCAD on April 30, 1975 (Exhibits to affidavit of Robert J. Doyle). Plaintiff's complaint to the

---

**2.** 42 U.S.C. § 2000e–5(c) provides in relevant part:

(c) In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed [with the EEOC] by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law.

MCAD must be considered as having been filed, at the earliest, on April 30, 1975. For the purposes of § 2000e–5(c), the charge was filed with the EEOC sixty days after the transfer to the MCAD, or June 29, 1975. This action, therefore, is timely for those allegedly discriminatory acts which occurred on or after September 3, 1974, three hundred days prior to the EEOC filing.

The plaintiff, however, argues that the defendants' discriminatory activities after September 3, 1974 were part of a continuing violation of Title VII, which should make the limitations period of § 2000e–5(e)[3] inapplicable.

■ To establish the existence of a continuing violation sufficient to render § 2000e–5(e) inapplicable, the complaint must allege a present and ongoing violation of Title VII. It is insufficient for a plaintiff to allege a present effect of past discrimination or merely to characterize a completed act of discrimination as a "continuing violation". *See Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).

The plaintiff alleges that her resignation in June of 1972 was forced by the defendants and that those defendants have since refused to reinstate her to a full-time position. She says that these actions constituted a continuous practice of discrimination against her "because of her past, present and future maternity leaves" by relegating her to the less desirable, less secure, and less remunerative position of substitute teacher.

Ordinarily, termination of employment and refusals to hire or reinstate are one-time acts and do not constitute a continuing violation. In this case, however, the plaintiff has alleged that her involuntary resig-nation in 1972 and the failures to reinstate her from 1973 through 1975 are part of a discriminatory practice aimed at her because of her pregnancies, past and potential. She has alleged a continuing wrong, not simply a continuing injury. That is sufficient to remove this action from the time constraints of § 2000e–5(e) and to permit plaintiff to pursue those claims arising prior to September 3, 1974.

### (C) *42 U.S.C. § 1983*

■ As argued by the defendants, the plaintiff's § 1983 claims are barred by the appropriate statute of limitations. Three recent cases from the First Circuit Court of Appeals have held that the most appropriate limitations period in a § 1983 action is six months. *Burns v. Sullivan,* 619 F.2d 99 (1st Cir.), *cert. denied,* 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980) (policeman's claim of race discrimination barred by six-month period in M.G.L. c. 151B, § 5); *Hussey v. Sullivan,* 651 F.2d 74 (1st Cir.1981) (policeman's claim of political discrimination barred by six-month period of M.G.L. c. 31, § 42); *Holden v. Commission Against Discrimination,* 671 F.2d 30 (1st Cir.1982) (MCAD employee's equal protection and free speech claims were covered by *Burns* and *Hussey* and her due process claim barred by M.G.L. c. 31, § 42).

Accordingly, I hold that under the reasoning of the *Burns-Hussey-Holden* trilogy, the plaintiff's § 1983 claims are barred by the six-month limitations period provided in M.G.L. c. 151B, § 5 and c. 31, § 42.

### IV. *Inadequate Pleading*

Plaintiff's claims of retaliation are adequately pleaded and will not be dismissed.

---

**3.** 42 U.S.C. § 2000e–5(e) provides in relevant part:

(e) A charge under this section shall be filed [with the EEOC] within one hundred and eighty days after the alleged unlawful employment practice occurred ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier.

**994**

## V. *Laches*

■ On the facts of this case, I decline to find the defense of laches applicable to the plaintiff's claims. Defendants have not made a showing of prejudice sufficient to invoke that doctrine.

## VI. *Failure To State Claims Upon Which Relief Can Be Granted*

■ Plaintiff's complaint does state claims upon which relief can be granted for violations of Title VII, 42 U.S.C. § 2000e *et seq.*, and M.G.L. c. 151B.

## VII. *Conclusion*

For the foregoing reasons, the defendants' motion for partial summary judgment is denied in part and allowed in part. It is allowed only as to the plaintiff's claims arising under 42 U.S.C. § 1983.