**Charlotte A. WALTERS, Plaintiff,**

v.

**PRESIDENT AND FELLOWS OF HARVARD COLLEGE et al., Defendants.**

**Civ. A. No. 81–2252–G.**

United States District Court, D. Massachusetts.

Aug. 15, 1985.

Holly D. Ladd, Dahlborg & Ladd, Andrea S. Mintz and Wendy A. Kaplan, Cambridge, Mass., for plaintiff.

Richard Ward, John Mason, Ropes & Gray, Boston, Mass., for Marciano and Pres. & Fellows of Harvard.

Nancy D. Israel, Office of General Counsel, Cambridge, Mass., for Harvard, Hinsman and Marciano.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

GARRITY, District Judge.

This is an action based on the alleged sexual discrimination and harassment of a female employee of Harvard University, which is now before the court on the defendants' motion for partial summary judgment. The plaintiff, Charlotte Walters, was employed in the Building and Grounds Department of the university. The university is made a party through the President and Fellows of Harvard College ("Harvard"). The individual defendant, Frank Marciano and Kenneth Hinsman, were Walters' superintendent and foreman respectively.

The facts as alleged in the complaint, and the reasonable inferences which can be drawn therefrom would, if found to be true, establish that Walters was subjected by Marciano and Hinsman to harassment and discrimination in her employment because of her sex and because she had complained of such practices. For the purposes of their motion for partial summary judgment, the defendants do not dispute these facts.

On the basis of findings and conclusions stated in open court at the hearing on this matter held April 17, 1985, the court granted Harvard's motion for summary judgment on Walters' claim, contained in ¶ 60 of the complaint, for intentional infliction of emotional distress, but the motion was denied as to Marciano and Hinsman. Summary judgment was also denied at the hearing on Walters' claim contained in ¶ 59 for breach of contract.

Turning to the remaining counts which are the subjects of defendant' motion, Walters does not dispute that the defendants are entitled to summary judgment on three of her claims: ¶ 54 of the complaint, which asserts a violation of 42 U.S.C. §§ 1985 and 1987; ¶ 57, a claim under 3 C.F.R. 169, § 202(1); and ¶ 61, a claim for negligent infliction of emotional distress. The defendants' motion as to these claims shall be granted.

■ The defendants' argument that they are entitled to summary judgment on Walters' claims of violations of M.G.L. c. 151B because she has cited the wrong sections thereof[1] is without merit. Such a technical

---

1. As Walters explains in her brief, paragraph 50 of the complaint refers to M.G.L. c. 151B, §§ 1, 5 rather than the correct § 4, subsection 1, and

error in citation, where sufficient notice of the factual basis of the claim has been stated, would not support a motion to dismiss for failure to state a claim much less a motion for summary judgment.

◼ Harvard also argues that Walters' claim that it aided and abetted discrimination in violation of M.G.L. c. 151B, § 4, subsection 5, fails as a matter of law because there were no actors whom Harvard could aid beyond Harvard employees. Apparently Harvard urges that the university and its employees be considered a single entity for the purposes of c. 151B. Such a ruling would be contrary to the statute's unambiguous language. Walters has alleged discriminatory acts on the part of the university itself, its supervisory personnel (the individual defendants), and non-party, non-supervisory co-employees. M.G.L. c. 151B, § 4, subsection 5, makes it unlawful "[f]or any person, whether an employer or an employee or not, to aid [or] abet ... the doing of any acts forbidden under this chapter...." Clearly, the statute draws a distinction between an employer and its employees, i.e., the statute does not consider them to be a single entity. Thus, a straightforward reading of the statute leads to the conclusion that an employer can aid or abet its own employees.

◼ The defendants have also moved for summary judgment on Walters' claim of a violation of Article I of the Constitution of the Commonwealth of Massachusetts. Again, inartful pleading is the impetus behind defendants' motion. Walters' allegations have sufficiently stated a cause of action under M.G.L. c. 12, § 11 I, the state statute analogous to 42 U.S.C. § 1983, but Walters cites c. 12, § 11 I only in an introductory paragraph to her complaint, not in the paragraph actually asserting the claim. Once again, however, such technically poor pleading does not entitle the defendants to judgment on Walters' civil rights claim when the facts she pleads do state such a claim. Furthermore, since defendants' now have notice of the precise legal claim which Walters asserts, there is no reason to dismiss the claim only to have Walters amend her complaint.

◼ The defendants are entitled to partial summary judgment on Walters' claim of violation of an implied covenant of good faith in her employment contract. Although there is precedent in this district to the contrary, *McKinney v. National Dairy Council*, D.Mass.1980, 491 F.Supp. 1108, this court has previously ruled on this issue consistently with the opinions expressed in *Crews v. Memorex*, D.Mass.1984, 588 F.Supp. 27; *Ferrante v. Western Electric Co.*, D.Mass. April 29, 1983, No. 81–3004–Z; and *Barnett v. The Republican Co.*, D.Mass. June 15, 1984, No. 83–163–F, that an implied covenant of good faith and fair dealing will not be implied where the aggrieved party has adequate and comprehensive remedies available under state or federal statutory schemes. Here, Title VII, 42 U.S.C. § 2000e *et seq.*, and M.G.L. c. 151B are such remedies for Walters' sexual discrimination claims.

Lastly, the defendants move for partial summary judgment on Walters' claims of constructive discharge and retaliation for reporting of the alleged discrimination in violation of U.S.C. § 2000e *et seq.* and M.G.L. c. 151B, § 4, subsection 4. The defendants argue that Walters has failed to exhaust her administrative remedies with respect to these claims and an action on them is therefore barred. We find the defendants' arguments unpersuasive and therefore deny their motion for summary judgment on these claims, for reasons stated in the following paragraphs.

For the purposes of this discussion the acts forming the basis of the claims at issue can be divided into three categories: (1) a demotion and other acts mentioned in Walters' complaints before the Equal Employment Opportunity Commission ("EEOC") and the Massachusetts Commission Against Discrimination (collectively, the "Commissions"), now alleged to be retaliatory, but *not identified as such before the Commissions*; (2) an involuntary trans-

paragraph 55 refers to M.G.L. c. 151B, § 5 rather than § 4, subsection 5.

fer which occurred during the pendency of the complaint before the Commissions, but which was never the subject of a commission complaint; and (3) a constructive discharge which occurred after the commencement of this action.

The relevant test in determining whether [a plaintiff] was required to exhaust her administrative remedies ... is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.

*Waiters v. Parsons*, 3 Cir.1984, 729 F.2d 233.[2]

■ Thus the scope of a civil action is not determined by the EEOC complaint, but is co-extensive with "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination". *Mamos v. School Committee of Town of Wakefield*, D.Mass.1983, 553 F.Supp. 989, 992. For example, it has been held that where a complainant before the EEOC has stated factual allegations sufficient to trigger a commission investigation, the failure to fully identify the employer's motivation will not affect the scope of a resulting lawsuit. *Sanchez v. Standard Brands, Inc.*, 5 Cir.1970, 431 F.2d 455, 462. Thus, Walters' failure to identify retaliation as a motive for her demotion and the other acts identified in her complaints before the Commissions is not a bar to such a claim in this court.

■ The civil action may also include "relief for incidents not listed in his original charge to the EEOC ... [which are] like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC". *Oubichon v. North American Rockwell Corp.*, 9 Cir. 1973, 482 F.2d 569, 571.

■ The involuntary transfer alleged by Walters is similar and related to the allegations of discriminatory job assignments and demotion presented to the Commissions. The transfer occurred shortly after the Commission complaints were filed and in view of Walters' allegations of continuing harassment and the complicity of supervisory personnel who authorized the transfer, it could "reasonably have been expected" that an investigation of the transfer would "grow out of [her] charge of discrimination." *Mamos, supra.* Thus the court has jurisdiction over the claim of retaliation based on the involuntary transfer.

■ The constructive discharge presents a somewhat closer question. Because the issue only arose after Walters left her job, three months after the Commissions had issued a right-to-sue letter, the claim itself could not have been investigated on the basis of Walters' complaints to the Commissions. However, the facts underlying the constructive discharge are alleged by Walters to be "the egregious terms and conditions of her employment and the cumulative effect of the incidents of harassment and intimidation by the defendants," which were all within the scope of the EEOC investigation. No incidents subsequent to the involuntary transfer, except perhaps continuing harassment no different than that alleged before the Commissions, are relied upon as supporting the constructive discharge. The policy of promoting conciliation would not be furthered by requiring Walters to submit a second complaint to the Commissions based entirely on acts which have already been investigated by them. *See, Waiters v. Parsons, supra*, 729 F.2d at 235–36.

Accordingly, in addition to the orders issued in open court during the hearing held April 17, 1985, it is hereby ordered that the defendants' motion for partial summary judgment be granted in favor of all defendants only with respect to Walters' claims of violations of 42 U.S.C. §§ 1985 and 1987 (¶ 54), breach of federal contracts

---

2. Because we find that Walters' claims are not barred under this test we do not reach the question of whether to adopt the reasoning of *Gupta v. East Texas State University*, 5 Cir.1981, 654 F.2d 411, and find an exception to the exhaustion requirement for all retaliatory claims.

under 3 C.F.R. 169 § 202(1) (¶ 57), negligent infliction of emotional distress (¶ 61), and violation of an implied covenant of good faith and fair dealing (¶ 58), and that the motion be denied in all other respects.