Cratsley, J.
Plaintiff, Margaret Carter (“Carter”), brought claims of race and sex discrimination under M.G.L.c. 151B and under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e), and claims of retaliation under state law, M.G.L.c. 15IB, against defendants, Larry DuBois, as Commissioner of the Department of Correction, Robert Priest (“Priest”), and David MacDonald (“MacDonald”). These claims were tried before a jury of the Superior Court in October of 1994. The jury found for the defendants on the claims of race and sex discrimination and found for the plaintiff on the claim of retaliation. The Court reserved the legal issue of Carter’s compliance with the applicable statutes of limitation for the filing of both the retaliation charge at the Massachusetts Commission Against Discrimination (“MCAD”) and the Complaint containing the retaliation charge in the Superior Court. The defendants now move to dismiss the case for plaintiffs failure to file either one within the appli *71 cable statute of limitations. For the reasons set forth below, this motion is denied.
BACKGROUND
The plaintiff is an African-American woman who has been employed by the Department of Correction (“DOC”) since 1978. In 1986, Carter was transferred to Longwood Treatment Center (“Longwood”) with the rank of sergeant. In August of 1987 she was promoted to captain. In June of 1989 Priest became Deputy Director of Longwood and Carter’s immediate supervisor. MacDonald served as Superintendent and was Priest’s supervisor.
On July 6, 1989 Carter received a two-day suspension as a result of a series of prisoner count errors. On July 11, 1989 Carter filed a complaint with the MCAD. She alleged that because of her race and gender, Priest, with the support of MacDonald, engaged in a pattern of verbal humiliation, harassment, and undue criticism with the intention of ultimately terminating her employment. A series of discussions followed between Carter, her attorney, the defendants, and their attorney. This resulted in an August 10, 1989 meeting between Carter, Priest, and MacDonald. At this meeting, MacDonald presented Carter with a written agreement outlining the terms of her return to Longwood. These terms included a step-by-step process of retraining and assumption of responsibilities. Carter did not sign the agreement, but did return to Longwood on August 28, 1989 and began the specified process of retraining.
On August 25, 1989 Carter’s attorney wrote to the MCAD and requested that the MCAD Complaint be held in abeyance for ninety days. From August until December of 1989 Carter continued as captain at Longwood and slowly assumed her old responsibilities. On October 2, 1989 the MCAD suspended action on the case until November of 1989 so that the parties could explore settlement. However, by December new controversies had arisen between Carter, Priest, and MacDonald. Carter requested and received approval for transfer from Longwood to Old Colony Correctional Center. This transfer took place on December 31, 1989.
On July 31, 1991 Carter’s former attorney, at Carter’s request, notified the MCAD that she no longer represented Carter. Carter then obtained her legal file concerning the case and returned to the MCAD to amend her Complaint of July 11, 1989. On October 15, 1991 the DOC received notice from the MCAD that it had amended the 1989 Complaint. The amendment to the complaint alleged that upon her return to Longwood in August of 1989 Carter was subjected to additional acts of discrimination and retaliation for the filing of her initial complaint. These acts of retaliation included the implementation of some of the terms of retraining articulated in the proposed agreement of August 10, 1989. It is this process of retraining that formed the core of her subsequent retaliation claim. Specifically, Carter alleges that her responsibilities had been reduced to menial and nonessential tasks, that she was denied the right to interact in any meaningful way with the Longwood staff, that she was prohibited from being present at the institution when her supervisor was not present, and that she had to report to that supervisor on a daily basis. These acts were alleged to have occurred between August 28 and December 31, 1989.
The plaintiffs lawsuit containing the M.G.L. 151B, §4 retaliation claim was filed on August 28, 1992 in the Superior Court. The case was tried before a jury from October 4 to October 14, 1994. The statute of limitations issue was reserved for decision by this Court until after the jury verdict on the other issues. The jury found the defendants not liable for either race or sex discrimination at Longwood. It did, however, find all the defendants liable for retaliation at Long-wood.
DISCUSSION
The defendants have moved to dismiss Carter’s entire complaint on the grounds that it was filed with the Superior Court after the applicable statute of limitations had run. They point to the language of M.G.L.c. 151B §9 and the MCAD’s procedural rule 804 CMR 1:03(5) in support of their position.
M.G.L. 151B §9 states, in part:
Any person claiming to be aggrieved by a practice made unlawful under this chapter ... or by any other unlawful practice within the jurisdiction of the commission, may at the expiration of ninety days after the filing of a complaint with the commission . . . but not later than three years after the alleged unlawful practice occurred, bring a civil action for damages or injunctive relief or both in the superior or probate court for the county in which the alleged unlawful practice occurred. M.G.L.c. 151B (9).
The MCAD’s procedural rule regarding amendment of charges states, in part:
(a) . . . An amendment alleging additional acts constituting unlawful discriminatory practices related to or arising out of the subject matter of the original complaint may be permitted by leave of the Commissioner. Amendments shall relate back to the original filing date. 804 CMR 1:03(5).
Defendants argue that because Carter filed her original charge on July 11, 1989, and because of MCAD rule 804 CMR 1:03(5), their amendment of October 1991 related back to the original filing date. Defendants state that Carter had three years from July 11, 1989 in which to file suit under M.G.L.c. 151B, §9 for all actions at Longwood. Thus they conclude that because the complaint was not filed until August 28, 1992 the three-year statute of limitations had run. Carter argues, in turn, that the defendants have simply misinterpreted the above statutes and have ig *72 nored relevant state and federal case law. Her argument has merit.
804 CMR 1:03(5) takes related amendments back to the original filing date of an MCAD charge. It allows those amendments to conform to the six-month statute of limitations for initially filing a complaint with the MCAD.[1] When M.G.L.c. 151B, §9 refers to the original filing date of an MCAD charge, if does so for the purpose of establishing how soon a civil action may be brought in Superior court (“may [bring an action] ... at the expiration of nineiy days after the filing of a complaint,” M.G.L.c. 151B, §9). When the statute addresses the issue of how late an action can be brought in Superior Court, it speaks not of the original filing date, but of the occurrence of the “alleged unlawful practice.” It is thus important to determine just what is meant by “the alleged unlawful practice.”
The plaintiff proposes that such alleged unlawful practice be defined as “a series or pattern of related discriminatory acts” or in other words, a continuing violation. See Mortimer v. Atlas Distributing Co., Inc., 15 MDLR 1233 (1993); Pagliuca v. City of Boston, 35 Mass.App.Ct. 820 (1994). If the alleged acts of retaliation are thought to be related to the alleged initial acts of sex and race discrimination, then the retaliation may be considered part of the alleged unlawful practice. If one accepts this argument, then one may conclude that Carter’s complaint in Superior Court was timely, because three years from the last alleged act of retaliation would be December of 1992, well past the date that Carter actually filed with this Court.
A clear, precise, and simple answer to the statute of limitations question is the legal conclusion that the plaintiff did, in fact, file her Superior Court complaint within three years of the alleged retaliation against her. If, however, the legal viability of her complaint must be measured by the timing of her filing her evolving claims with the MCAD, then further analysis is necessary.
The defendants argue that no Massachusetts court has applied a doctrine of continuing violations to expand the meaning of “alleged unlawful practice” in M.G.L.c. 15 IB, §9 to include subsequent amendments to an original charge. They argue that the continuing violation doctrine has only been used by the courts to excuse the late filing of a matter in the MCAD and not the late filing of a suit in the Superior Court. They cite supporting statutes and common law.
103 CMR §103(2) states, in part:
The complaint (in the MCAD) may be filed ... at any time within six months after the alleged unlawful conduct; provided, however, that the six-month requirement shall not be a bar to filing in those instances where facts are alleged which indicate that the unlawful conduct complained of is of a continuing nature.
The courts in at least one case have refused to expand the doctrine of continuing violations beyond the context of an MCAD filing. In DeFazio v. Delta Air Lines, Inc., 894 F.Supp. 98 (D.Mass. 1993), the plaintiff, a former employee of Delta, was terminated in 1989, and then reapplied in 1992. After he was turned down by the airline, he then filed a M.G.L.c. 151B discrimination and retaliation claim in Superior Court. The case was removed to U.S. District Court which found DeFazio’s suit to be untimely. It held that his 1989 termination was a “completed, one-time violation which had a continuing effect but was not a continuing violation.” Id. at 102. DeFazio could perhaps claim a continuing injury, but there was no continuing wrong.
There are significant differences between DeFazio and the present case. Carter, unlike DeFazio, filed a timely administrative claim of sexual and racial discrimination. She later alleged a series of unlawful acts of retaliation stemming from her return to work. She argues that the MCAD’s October 1991 amendment concerns a continued wrong organically connected to her initial allegations of discrimination.
While no case in Massachusetts has explicitly extended the doctrine of continuing violations to a M.G.L.c. 151B, §9 filing in Superior Court, no case has expressly rejected such an extension. See Lynn Teachers Union, Local 1037 v. Massachusetts Commission Against Discrimination, 406 Mass. 515 (1990). It is also helpful to look to federal law for guidance. While Massachusetts courts are not bound by the federal court’s interpretation of the relevant federal statutes, the Supreme Judicial Court has indicated that it will consider analogous federal statutes for the purposes of interpretation. Id. at 521 n.7.
Federal decisions point to an expansive definition of what can be considered the alleged unlawful practice of a complaint. A civil action may include “relief for incidents not listed in the original charge to the EEOC (the analogous federal organization to MCAD)
. . . [which are] like or reasonably related to the allegations [of discrimination] of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC.” Walters v. President and Fellows of Harvard College, 616 F.Supp. 471 (D.Mass. 1985).[2] Federal courts which have considered the issue have held that retaliation is necessarily and reasonably related to the original discrimination complaint, obviating the need for a second administrative complaint. See Browne v. Hartshorne Public School District #1, 864 F.2d 680, 682 (10th Cir. 1988), and cases cited.[3]
As Carter’s claim for retaliation is necessarily and reasonably related to her original claim of sex and race discrimination filed with the MCAD on July 11, 1989, then the alleged acts which formed the basis of her retaliation claim must be considered as part of the “alleged unlawful practice” of her M.G.L.c. 151B, §9 *73 complaint filed in Superior Court on August 28, 1992. As those acts of retaliation were alleged to have occurred through December of 1989, then her filing with the Superior Court was well within the three-year statute of limitations period.
ORDER
As the plaintiffs Complaint of August 28, 1991 was filed within the three-year statute of limitations required by M.G.L.c. 151B, §9, defendants’ Motion for Dismissal is DENIED.

 SeeM.G.L.c. 151B, §5.

See Momos v. School Committee of Town of Wakefield, 553 F.Supp. 989, 992 (D.Mass, 1983) (the scope of a civil action is not determined by the EEOC complaint but is co-extensive with the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination).

See Gupta v. East Texas State University, 654 F.2d 411 414 (5th Cir. 1981) (it is the nature of retaliation claims that they arise after the filing of the EEOC charge).