**Christine LINDSAY, Plaintiff,**

v.

**FUTURE ELECTRONICS CORPORATION,**
**Defendant.**

**Civil Action No. 96–40019–NMG.**

United States District Court,
D. Massachusetts.

July 19, 1996.

Karl J. Gross, O'Reilly & Grosso, Southborough, MA, for Christine M. Lindsay.

Kenneth M. Bello, Joanne C. Griffin, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, for Future Electronics Corporation.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On January 25, 1996, plaintiff, Christine Lindsay, ("Lindsay") filed a complaint against her former employer, Future Electronics Corporation ("Future Electronics"). Pending before this Court is defendant's motion, filed pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Count II of plaintiff's complaint. For the following reasons, the motion will be allowed.

## I. FACTUAL BACKGROUND

When considering a motion to dismiss, this Court accepts as true the allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. *Carreiro v. Rhodes Gill and Co., Ltd.*, 68 F.3d 1443, 1446 (1st Cir.1995). Plaintiff's complaint asserts the following relevant factual allegations:

1. Lindsay is a qualified individual with a disability who was able to perform the essential functions of her employment.

2. On March 21, 1994, defendant terminated Lindsay in violation of federal anti-discrimination laws (Count I) and M.G.L. c. 151B (Count II) when it refused to make reasonable accommodations to her known disability.

The purported reason for the adverse job decision offered by defendant was that Lindsay was "taking too much time off for (her) medical problems ... and due to her medical disabilities." Complaint, ¶ 9.

On September 20, 1994, plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") which, on November 29, 1995, issued a "Notice of a Right to Sue" to the plaintiff. Plaintiff did not file any charge with the Massachusetts Commission Against Discrimination ("MCAD").

## II. LEGAL ANALYSIS

█ Defendant has moved to dismiss plaintiff's state law claim of employment discrimination on the grounds that plaintiff did not exhaust the administrative remedies available under M.G.L. c. 151B. Under Massachusetts law, a plaintiff must exhaust administrative remedies available under that statute prior to seeking redress in the courts. *See Carter v. Supermarkets General Corp.*, 684 F.2d 187 (1st Cir.1982); *Flynn v. New England Tel. Co.*, 615 F.Supp. 1205 (D.Mass. 1985).

█ Sections 5 and 9 of chapter 151B specifically provide that a claimant must file a complaint with the MCAD within six months of any allegedly discriminatory act. If a plaintiff fails to file a complaint with the MCAD within the limitations period, her civil action under M.G.L. c. 151B must be dismissed. *See Melley v. Gillette Corp.*, 19 Mass.App.Ct. 511, 475 N.E.2d 1227, *aff'd*, 397 Mass. 1004, 491 N.E.2d 252 (1985); *Ackerson v. Dennison Manufacturing*, 624 F.Supp. 1148, 1150 (D.Mass.1986).

█ Plaintiff argues that submission of her charges to *an* administrative agency, specifically the EEOC, was sufficient to satisfy the requirement that she exhaust her administrative remedies. This Court disagrees. In *Ackerson*, the plaintiff timely filed his claim with the EEOC and was assured by the EEOC that the charge would be forwarded to the MCAD pursuant to a worksharing agreement between the two commissions. The latter charge was, however, rejected by the MCAD because it was untimely, and the Court refused to waive the jurisdictional requirement imposed by M.G.L. c. 151B, § 5. This Court is similarly unpersuaded by plaintiff's argument that her administrative remedies were properly exhausted.

Plaintiff further argues that some courts have accepted charges not filed with the appropriate administrative agency, where those additional charges were "like or reasonably related" to the allegations made in charges previously brought with the *same* administrative agency. *See e.g., Walters v. President and Fellows of Harvard College*, 616 F.Supp. 471, 475 (D.Mass.1985). In *Walters*, the plaintiff was permitted to include additional allegations not previously filed with the EEOC because they were "reasonably related" to the original charges that were timely filed with the EEOC. However, contrary to our situation, the charges in *Walters* were not required by statute to be filed with another separate agency. Therefore, this Court finds Lindsay's contention that her state claims are merely "additional" and "reasonably related" to the federal claims which were filed with the EEOC unavailing. Chapter 151B clearly requires that charges based upon state statutes must be filed with the state agency. Filing related claims with a federal agency within the time required to file state claims will not suffice.

Finally, the plaintiff argues that she should be permitted to pursue her state claim because its inclusion will not prejudice the defendant. The defendant responds, however, that proving discrimination under M.G.L. c. 151B is less onerous than proving a federal claim of employment discrimination. Whereas a plaintiff pursuing a federal claim of discrimination must show that an employer's stated reason for an adverse action is pretextual *and* that the actual reason was the plaintiff's protected status, M.G.L. c. 151B re-

quires only that the plaintiff present evidence that the employer's articulated reason was pretextual. *See Blare v. Husky Injection Molding Systems Boston, Inc.,* 419 Mass. 437, 646 N.E.2d 111 (1995). Defendant further argues that 42 U.S.C. § 1981a(b)(2) limits the amount of compensatory damages, while M.G.L. c. 151B, § 9 does not. This Court finds defendant's reasoning persuasive.

### ORDER

For the foregoing reasons, defendant Future Electronics' motion to dismiss Count II of the complaint is **ALLOWED.**

SO ORDERED.