Lawrence **HESTER**, Plaintiff,

v.

**CITY OF LAWRENCE**, Defendant.

Civ. A. No. 82–1944–G.

United States District Court,
D. Massachusetts.

Feb. 26, 1985.

June M. Gonsalves, Lowell, Mass., for plaintiff.

Edward J. Grimley, Jr., City Sol., Lawrence, Mass., for defendant.

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GARRITY, District Judge.

The plaintiff, Lawrence Hester, filed a complaint against the City of Lawrence

(the "City") alleging racial discrimination under Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. §§ 1981, 1983 and 1985. The Title VII count was dismissed by order of the court dated August 13, 1984 for failure to comply with the 90-day limitations period which runs from the time a complainant receives a "Notice of Right to Sue" from the Massachusetts Commission Against Discrimination ("MCAD"), 42 U.S.C. § 2000e–5(f)(1). The City now moves for summary judgment on the remaining §§ 1981, 1983 and 1985 counts for failure to comply with the statute of limitations applicable to such actions.

Since the federal civil rights statutes do not contain a statute of limitations, the courts must apply the statute of limitations governing the most analogous state action. *Burnett v. Grattan*, 1984, ⸺ U.S. ⸺, 104 S.Ct. 2924, 82 L.Ed.2d 36. The issue to be resolved here is whether the six-month statute of limitations contained in M.G.L. c. 151B, § 5 ("section 5") or some other statute of limitations governs these civil rights actions.

The City relies on the First Circuit opinions which have held that the section 5 limit is to be applied to federal civil rights actions in Massachusetts. *Burns v. Sullivan*, 1 Cir.1980, 619 F.2d 99, *cert. denied*, 1980, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121; *Carter v. Supermarkets General Corp.*, 1 Cir.1982, 684 F.2d 187. Hester argues that these decisions have been effectively overruled by the Supreme Court's recent opinion in *Burnett, supra.* After consideration of the parties' briefs and the *Burnett* decision, the court finds that the section 5 statute of limitations can no longer be applied to actions arising under the reconstruction-era Civil Rights Acts.

*Burnett* involved the applicability of a six-month statute of limitations borrowed from Maryland's administrative civil rights statute (Md.Ann.Code, Art. 49B, § 9(a)) to federal civil rights claims. The Court, while not holding explicitly that a six-

month time limitation can never be applied to claims under the Civil Rights Acts, rejected reliance on Art. 49B and other statutes of limitations which are applied to state administrative actions and not designed to serve the same goals as the federal actions.[1]

Massachusetts General Law c. 151B shares several of the characteristics which the Court found relevant to its consideration of the Maryland statutory scheme. Both create essentially administrative rights and procedures and both contain six-month statutes of limitations which govern the filing of administrative complaints. Like the Maryland statute, c. 151B requires a complainant only to "make, sign and file" a complaint, "which shall set forth the particulars ... of the alleged violation" and places the burden of investigation on the administrative agency rather than the complainant (M.G.L. c. 151B, § 5). The short statute of limitations is tailored to the relatively informal procedures of the state agencies compared to the more demanding court procedures. The Court observed in *Burnett* that in such circumstances "borrowing an administrative statute of limitations ignores the dominant characteristic of civil rights actions: they belong in court." *Burnett, supra,* ⸺ U.S. at ⸺, 104 S.Ct. at 2930, 82 L.Ed.2d at 45 (citations omitted).

The two state statutes are different in two respects: chapter 151B creates a private right of action in the courts and grants broad remedial powers to the state agency, whereas the Maryland statute does neither. However, in creating the private right of action the Massachusetts legislature provided a longer limitations period of two years from the time of the alleged violation within which a suit must be filed. M.G.L. c. 151B, § 9 ("section 9"). It is true that an aggrieved person must also have filed an administrative complaint within six months in order to preserve his or her right to file suit in the courts under section 9, see *Carter, supra,* 684 F.2d at 191, but by

---

1. We note that the Court was also aware of the First Circuit decisions in *Burns* and *Carter, supra,* when deciding *Burnett.* ⸺ U.S. at ⸺, n. 9, 104 S.Ct. at 2928, n. 9, 82 L.Ed.2d at 43, n. 9.

creating a longer limitations period for the court action the legislature implicitly recognized the more burdensome nature of filing a court complaint. Since an MCAD complainant is free to choose to go to court only 90 days after filing his complaint with the MCAD, this distinction between the limitations periods for administrative and judicial filings also suggests that the shorter time limit is intended to further the conciliation goals of the statute by requiring prompt intervention, rather than a goal of bringing a quick end to claims which are strongly disputed. The goals of the federal civil rights statutes, on the other hand, "are compensation of persons whose civil rights have been violated, and the prevention of the abuse of state power." *Burnett, supra,* —— U.S. at ——, 104 S.Ct. at 2931, 82 L.Ed.2d at 47 (citations omitted).

The First Circuit has identified several important ends which are promoted by the application of the short section 5 limitation to the federal civil rights actions, e.g., it fosters prompt resolution of personnel disputes, it encourages resort to the state administrative procedure and relieves some of the burden on the federal courts. *Burns, supra,* 619 F.2d at 107. However, the Supreme Court ruling requires that these ends be subordinated to the overriding goals of compensation and prevention which are better served by a longer statute of limitations.

■ Therefore, in light of the Supreme Court's rulings in *Burnett,* the court finds that the six-month statute of limitations contained in M.G.L. c. 151B, § 5, and applied to the filing of administrative complaints with the MCAD, is not the time limit applied to the state action "most analogous" to an action under the federal civil rights acts. The task, then, is to identify a more appropriate statute. We adopt Hester's suggestion that the two-year time limit of c. 151B, § 9, be applied in this case.

The First Circuit rejected the section 9 limit in *Carter, supra;* however it was rejected in favor of the six-month limit of section 5. The only other apparent options would be to apply the three-year limit of the general tort statute of limitations or six-year contract limitation, M.G.L. c. 260, §§ 2A and 2 respectively. The court finds that the c. 151B, § 9 is the "most analogous" because, "[w]here, as here, the state has provided a specific remedy, complete with statute of limitations, for racial discrimination in ... employment and promotion, actions under the federal Civil Rights Acts alleging racial discrimination by the state must be governed by that statute of limitations." *Burns, supra,* 619 F.2d at 107. Since the section 9 limit runs from the time of the alleged violation rather than being tied to any resolution of the administrative procedure, it can be considered independently of that process without danger of confusion. Applying the two-year limit of section 9 to the present case, it appears that at least some of the plaintiff's claims are preserved.

Accordingly, we order that the City's motion for summary judgment be denied. However, we are mindful that the *Burnett* decision did not necessarily prohibit the application of all six-month statutes of limitations to claims under the federal civil rights acts, that the Massachusetts and Maryland statutes are distinguishable in some respects, and that the Court of Appeals for this Circuit has indicated its preference for a reasonably short statute of limitations for federal civil rights actions. In fact, a very recent opinion in this district held that the six-month limit of section 5 governs these actions, although the *Burnett* decision was not discussed. *Townsend v. Gray Line Bus Co.,* 597 F.Supp. 1287 (D.C.Mass.1984). Accordingly, we find, pursuant to 28 U.S.C. § 1292(b), that the issue of the applicability of the statute of limitations of M.G.L. c. 151B, § 5 is one as to which there is substantial ground for difference of opinion and that an immediate appeal of this order may materially advance the ultimate termination of this litigation.