LEON SIMMONS *vs*. MERCHANTS MUTUAL INSURANCE CO. April 10, 1985.
*Workmen's Compensation Act*, Injuries to which act applies, Emotional distress.

This is an appeal from an order of a judge in the Superior Court dismissing the plaintiff's action against the defendant for intentional infliction of emotional distress. The plaintiff claims that he suffered emotional injury as a result of the defendant's bad faith termination of his employment. The defendant moved for dismissal, arguing that the plaintiff's claim was barred by the exclusive remedy provision of our Workers' Compensation Act, G. L. c. 152, § 24, and that therefore the court lacked jurisdiction over the action.

The plaintiff worked as an auditor for the defendant for eighteen years. On December 22, 1975, the defendant fired the plantiff as of that date. The plaintiff was told, by a superior in the presence of a coworker, that he was being fired because he had made derogatory comments about the defendant. The plaintiff claims these allegations were false and that he was fired so that the defendant could avoid paying him severance benefits he would otherwise have received as of January 2, 1976. The plaintiff alleges that the defendant's conduct in firing him amounted to intentional or reckless infliction of emotional distress as a result of which he suffered emotional, mental, and physical pain, and incurred significant hospital and medical costs.

A majority of the court concludes that the defendant's motion to dismiss was properly granted because the plaintiff's claim for intentional infliction of

emotional distress is barred by the exclusivity provision of our Workers' Compensation Act. General Laws c. 152, § 24, as amended through St. 1955, c. 174, § 5, states in pertinent part: "An employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury therein occurring, to recover damages for personal injuries if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right . . . . " The plaintiff does not assert that he gave the defendant notice of his right under the act, but rather that his injury is not covered under the act. In *Foley* v. *Polaroid Corp.*, 381 Mass. 545, 550 (1980), the allegations were similar, i.e., that the employer and its supervisory personnel caused the employee emotional distress and illness by allowing false criminal charges to be brought against him. We held that the injury was compensable under G. L. c. 152, § 26, and that therefore the claim for intentional infliction of emotional distress was properly dismissed. There was no error in the dismissal of the instant action.

*Judgment affirmed.*

*Edward F. Haber (John J. Barter* with him) for the plaintiff.
*Joel F. Pierce (D. Alice Olsen* with him) for the defendant.