Robert **FLYNN**

v.

**NEW ENGLAND TELEPHONE COMPANY.**

**Civ. A. No. 85–1379.**

United States District Court, D. Massachusetts.

Aug. 16, 1985.

Robert Glass, Eric I. Zucker, Deutsch, Williams, Glass, Brooks & DeRensis, Boston, Mass., for plaintiff.

Edward R. Lev, Alicia R. Lopez, Thomas M. Alpert, Sullivan & Worcester, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

The plaintiff Robert Flynn brought this action against the defendant New England Telephone Company ("New England Telephone"), seeking damages and injunctive relief for the alleged violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a) (Count I); violation of Mass.Gen.Laws ch. 149, § 24A and ch. 151B (Count II); intentional infliction of emotional distress (Count III); negligent infliction of emotional distress (Count IV); and breach of an implied covenant of good faith and fair dealing (Count V). Flynn asserts subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 29 U.S.C. § 626(c)(1), and general principles of pendant jurisdiction. New England Telephone has moved to dismiss the state law counts for failure to state a claim upon which relief can be granted. For the reasons that follow, the motion is allowed.

### I. Background

Flynn has alleged the following facts, which are accepted as true for purposes of this motion: Flynn was born on June 30, 1928. He was first employed by New England Telephone in May 1952, when he was hired as a salesman. Beginning in 1969, Flynn served in the position as attorney for New England Telephone and was responsible for overseeing litigation matters in which New England Telephone was involved.

According to Flynn, his employment was terminated by New England Telephone on July 1, 1983, without prior warning or notice. At no time prior to his firing was Flynn given any indication that his employment performance was in any way inadequate or unsatisfactory, nor did anyone from New England Telephone make any

adverse comment upon his work or suggest that that work should be improved. Rather, Flynn had regularly been complimented and commenced with respect to the quality of his work, and had been told that his employment position with New England Telephone was secure. Flynn alleges that the decision to fire him was improperly and illegally motivated by age discrimination.

On March 26, 1984, Flynn filed a complaint of discrimination with the Massachusetts Commission Against Discrimination ("the Commission"). The Commission concluded its processing of Flynn's charge in April 1984.[1] On April 20, 1984, Flynn filed a charge of discrimination with the Equal Employment Opportunity Commission. Flynn filed the pending action in this Court on April 10, 1985.

## II. *Chapter 151B.*

■ Flynn alleges in Count II that New England Telephone's conduct in firing Flynn violated Mass.Gen.Laws ch. 149, § 24A, and ch. 151B. Chapter 149, § 24A provides in relevant part that "Whoever dismisses from private sector employment any person over the age of forty or refuses to employ such person because of his age, ... shall be punished by a fine of not more than five hundred dollars." Because that prohibition does not provide a civil remedy, *Johnson v. United States Steel Corp.*, 348 Mass. 168, 202 N.E.2d 816 (1964), Flynn must rely on Mass.Gen.Laws ch. 151B, which provides certain civil remedies for victims of age discrimination.

Chapter 151B provides a dual remedial process. Section 5 authorizes the bringing of discrimination complaints before the Commission, and requires that "[a]ny complaint filed pursuant to this section must be so filed within six months after the alleged act of discrimination." Mass.Gen.Laws ch. 151B, § 5. Section 9 establishes an alternate remedy whereby one who brings a timely complaint before the Commission may elect to bring a suit in court, so long as the court action is filed "no later than two years after the alleged unlawful practive occurred." An action under § 9 terminates any complaint pending before the Commission. Mass.Gen.Laws ch. 151B, § 9.[2] *See Carter v. Supermarkets General Corp.*, 684 F.2d 187, 190–91 (1st Cir. 1982).

1. Flynn's complaint in this action does not contain any allegation regarding the disposition of his claim before the Commission, except for the allegation that the Commission "concluded its processing of plaintiff's charge" in April 1984. Complaint ¶ 3. Moreover, Flynn's brief in opposition to the pending motion to dismiss studiously avoids any specific mention of the Commission's action. It is unnecessary for the Court to go beyond the complaint to decide this motion because Flynn has alleged a specific date on which he filed his claim before the Commission—March 26, 1984. However, in the interest of clarity, it is useful to note that the Commission dismissed Flynn's filing for lack of jurisdiction on the ground that it was not filed within six months of the date of his termination, as required by Mass.Gen.Laws ch. 151B, § 5. The Commission's final disposition was included by New England Telephone in support of its motion to dismiss.

2. Mass.Gen.Laws ch. 151B, § 9 provides in relevant part:
   Any person claiming to be aggrieved by a practice made unlawful under this chapter or under chapter one hundred and fifty-one C, or by any other unlawful practice within the jurisdiction of the commission, may, at the expiration of ninety days after the filing of a complaint with the commission, or sooner if a commissioner assents in writing, bring a civil action for damages or injunctive relief or both in the superior or probate court for the county in which the alleged unlawful practice occurred or in the housing court within whose district the alleged unlawful practice occurred if the unlawful practice involves residential housing. The petitioner shall notify the commission of the filing of the action, and any complaint before the commission shall then be dismissed without prejudice, and the petitioner shall be barred from subsequently bringing a complaint on the same matter before the commission. An aggrieved person may also seek temporary injunctive relief in the superior, housing or probate court within such county at any time to prevent irreparable injury during the pendency of or prior to the filing of a complaint with the commission.
   An action filed pursuant to this section shall be advanced for a speedy trial at the request of the petitioner.... No action under this section shall be filed later than two years after the alleged unlawful practice occurred.

According to Flynn's allegations in this action, he was fired on July 1, 1983 and filed his discrimination complaint with the Commission on March 26, 1984.[3] Because he waited more than six months between the time he was fired and the time he filed his complaint with the Commission, Flynn's complaint was barred by the six-month limitations period prescribed by Mass.Gen. Laws ch. 151B, § 5. The question before this Court is whether Flynn's right to file suit under § 9 was preserved despite his failure to comply with § 5.

In *Carter v. Supermarkets General Corp.*, 684 F.2d 187 (1st Cir.1982), the plaintiff filed her complaint with the Commission approximately nine months after the last alleged act of race discrimination against her. The Court of Appeals held that she was precluded from bringing a civil action under § 9:

> [W]hen Carter filed her complaint with MCAD, more than six months had elapsed from the time of the last alleged act of discrimination.... Mass.Gen. Laws Ann. ch. 151B, § 5. The MCAD complaint with respect to this incident was therefore time-barred, and by the same token the incident could not be the proper subject of a separate state court proceeding allowed in § 9—as, indeed, the subsequent dismissal of the MCAD complaint, presumably for untimeliness, clearly showed. The two-year period could be of arguable applicability only

had the MCAD complaint itself been timely filed within six months.

*Id.* at 191.

Flynn argues that *Carter* is distinguishable since that case involved a race discrimination claim arising under 42 U.S.C. § 1981. The question before the court in *Carter* was whether the plaintiff's § 1981 claim was governed by the six-month period prescribed by Mass.Gen.Laws ch. 151B, § 5, or by some other limitations period.[4] The court held that § 1981 claims brought by private employees were not subject to Massachusetts' general contract and tort statutes of limitations, but instead were governed by the limitations periods of Mass.Gen.Laws ch. 151B. Because the plaintiff had failed to file a timely complaint with the Commission, as required by ch. 151B, § 5, the court held that a six-month limitations period applied. Although there is a question whether the holding of *Carter* remains good law after the Supreme Court's recent decision in *Burnett v. Grattan*, —— U.S. ——, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984),[5] the *Burnett* decision does not affect the analysis of Flynn's state law claim under Mass.Gen. Laws ch. 151B. That is, even if the court in *Carter* applied the wrong statute of limitations to the federal civil rights claim at issue in that case, the court's analysis of ch. 151B remains applicable to a state law claim brought pursuant that state statute. *See Hester v. City of Lawrence*, 602 F.Supp. 1420, 1421 (D.Mass.1985) ("an ag-

---

**3.** According to the Commission's final disposition of Flynn's complaint, the complaint was filed with the Commission on March 27, 1984 and in that complaint, Flynn alleged that he was fired on July 10, 1983. For purposes of this motion, those discrepancies are immaterial and need not be considered.

**4.** Because 42 U.S.C. § 1981 does not contain a statute of limitations, the courts must apply the statute of limitations governing the most analogous state action. *See Burnett v. Grattan*, —— U.S. ——, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984).

**5.** *Burnett* involved the applicability of a six-month statute of limitations borrowed from Maryland's administrative civil rights statute to federal civil rights claims. The Court held that is was error to apply Maryland's six-month limitations period to action brought under 42 U.S.C.

§§ 1981, 1983, 1985, and 1986. Although the Court did not hold explicitly that a six-month time limitation can never be applied to claims under the federal civil rights statutes, it rejected the application of statutes of limitations which are applied to state administrative actions and not designed to serve the same goals as the federal actions. *Burnett*, 104 S.Ct. at 2930–31; *see Hester v. City of Lawrence*, 602 F.Supp. 1420, 1421 (D.Mass.1985). Because Mass.Gen.Laws ch. 151B shares many of the characteristics of the Maryland statute under consideration by the Court in *Burnett*, it is unlikely that the six-month statute of limitations period of ch. 151B, § 5 can properly be applied to federal civil rights actions brought in Massachusetts courts. *See Hester, supra*, 602 F.Supp. at 1422.

grieved person must also have filed an administrative complaint within six months in order to preserve his or her right to file suit in the courts under section 9"). Therefore, Flynn is barred from bringing a claim under Mass.Gen.Laws ch. 151B, § 9 because he failed to file a timely complaint with the Commission as required by ch. 151B, § 5.[6]

Flynn also argues that *Carter* is inapplicable because that case was decided on a motion for summary judgment. This Court recognizes that it should not dismiss this action for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Walgren v. Howes*, 482 F.2d 95, 99 (1st Cir. 1973) (quoting *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). Nevertheless, viewing the complaint in the light most favorable to Flynn, the Court rules that an action under Mass. Gen.Laws ch. 151B, § 9 is barred. The motion to dismiss Count II is therefore allowed.

### III. *Infliction of Emotional Distress*

■ Flynn alleges in Count III that, by terminating his employment, New England Telephone intentionally inflicted emotional distress upon him. Count IV alleges negligent infliction of emotional distress. In its motion to dismiss, New England Telephone argues that both claims are barred by the exclusivity provision of the Massachusetts Workers' Compensation Act, which states in relevant part:

> An employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury therein occurring, to recover damages for personal injuries if he shall not have given his employer,

at the time of his contract of hire, written notice that he claimed such right. . . .

Mass.Gen.Laws ch. 152, § 24. Flynn has not alleged that he gave New England Telephone any such written notice of his right under the act.

■ Common law actions are barred under the exclusivity provision of Mass.Gen. Laws ch. 152, § 24 only where: (1) the plaintiff is shown to be an employee; (2) his condition is shown to be a "personal injury" within the meaning of the Workers' Compensation Act; and (3) the injury is shown to have arisen "out of and in the course of . . . employment." *Foley v. Polaroid Corp.*, 381 Mass. 545, 548–49, 413 N.E.2d 711 (1980). Each of these three conditions is satisfied in this case.

First, it is undisputed that Flynn was an employee of New England Telephone. Complaint, ¶ 10. Second, the Supreme Judicial Court in *Foley* made clear that "emotional distress arising out of employment" is a "personal injury" which is compensable under the Workers' Compensation Act. *Id.* at 550, 413 N.E.2d 711; *see Albanese's Case*, 378 Mass. 14, 389 N.E.2d 83 (1979). Finally, Flynn's own allegations establish that his claims for emotional distress arise out of and in the course of employment. Complaint, ¶¶ 19–20, 22–23 (Flynn's emotional distress was caused as a result of the "conduct of the defendant in terminating the employment of the plaintiff . . . without just cause and in bad faith, in breach of the plaintiff's contract of employment"). *See Bertrand v. Quincy Market Cold Storage & Warehouse*, 728 F.2d 568, 572 (1st Cir. 1984) ("As the employer's conduct substantially took place while the plaintiff was still an employee, and it explicitly concerned his employment, the plaintiff suffered 'a personal injury arising out of and in the

---

**6.** Even if Flynn had filed a timely complaint with the Commission, it is not clear that he could proceed under Mass.Gen.Laws ch. 151B, § 9. "Once the MCAD makes a final decision, . . . relief under § 9 is presumably foreclosed, and a party has recourse only under § 6." *Carter, supra,* 684 F.2d at 191. Section 6 provides that a person aggrieved by a final order of the

Commission may obtain judicial review of that order, but only if the proceeding is "instituted within thirty days after the service of the order of the commission." In this case, the Commission finally disposed of Flynn's complaint in April 1984, and Flynn did not file this action until April 1985.

course of his employment....' M.G.L. c. 152, § 26.").

Flynn argues that *Foley* is inapplicable because it was not a termination case, but instead involved acts arising during an ongoing employment relationship. The Court does not find this argument persuasive. In *Simmons v. Merchants Mutual Ins. Co.*, 394 Mass. 1007, 476 N.E.2d 221 (1985), the plaintiff claimed that he suffered emotional injury as a result of the defendant's bad faith termination of his employment. The Superior Court granted the defendant's motion to dismiss, and the Supreme Judicial Court affirmed: "A majority of the court concludes that the defendant's motion to dismiss was properly granted because the plaintiff's claim for intentional infliction of emotional distress is barred by the exclusivity provision of our Worker' Compensation Act." *Id.* at 1007–08, 476 N.E.2d 221; *see Crews v. Memorex Corp.*, 588 F.Supp. 27, 30 (D.Mass.1984) (granting motion to dismiss claim for intentional infliction of emotional distress brought by employee allegedly discharged because of his age).

For these reasons, the Court rules that Flynn's claims based on emotional distress are barred by the exclusivity provision of the Massachusetts Workers' Compensation Act.

### IV.  *Breach of Implied Covenant*

■ Count V alleges that, by firing Flynn, New England Telephone violated the public policy against age discrimination and thereby breached the implied covenant of good faith and fair dealing. The decision in *Melley v. Gillette Corp.*, 19 Mass. App. 511, 475 N.E.2d 1227 (1985) is dispositive on this issue. The Appeals Court recognized that age discrimination violates public policy, but emphasized:

> [A] finding that certain conduct contravenes public policy does not, in itself, warrant the creation of a new common law remedy for wrongful dismissal by an employer. The rationale for implying a private remedy under the 'public policy exception' to the traditional rule governing at-will employment contracts is that, unless a remedy is recognized, there is

no other way to vindicate such public policy.

> In Massachusetts, however, the public policy against age discrimination is already protected by a comprehensive legislative scheme, G.L. c. 151B.

*Id.* at 511–12, 475 N.E.2d 1227 (citations omitted). Because of the comprehensive remedial scheme available under Mass.Gen. Laws ch. 151B, the court held that Massachusetts does not recognize a common law action for wrongful discharge on the ground of age discrimination. *Id.* at 514, 475 N.E.2d 1227; *see Crews v. Memorex Corp.*, 588 F.Supp. 27, 28–30 (D.Mass. 1984).

Flynn argues that *Melley* held only that administrative remedies under Mass.Gen. Laws ch. 151B must be exhausted prior to seeking redress in the courts. However, *Melley* cannot be interpreted so narrowly. The Appeals Court held explicitly that there is only one state remedy against an employer for age discrimination—the statutory remedy provided by Mass.Gen.Laws ch. 151B. There was never a common law remedy before the passage of Chapter 151B, and the court in *Melley* declined to create one. 19 Mass.App.Ct. at 513; *see Crews, supra,* 588 F.Supp. at 29 n. 2. Therefore, Flynn has failed to state a claim under Count V.

For the reasons stated, the defendant's motion to dismiss Counts II, III, IV, and V is ALLOWED. In fairness, however, the dismissal here ordered must, and shall, give Flynn leave to amend within thirty days of the date of this order.

On March 4, 1985, the Massachusetts Supreme Judicial Court interpreted the Massachusetts Civil Rights Act, Mass.Gen. Laws ch. 12, § 11I in a broad, remedial fashion. *Bell v. Mazza*, 394 Mass. 176, 181–83, 474 N.E.2d 1111 (1985). The *Bell* decision has led at least one justice of the Superior Court to conclude that "the broad, remedial view there expressed inclines one to believe that *every* violation of 'law,' including the common law of the Commonwealth is, *ipso facto,* a [Massachusetts] civil rights violation if accomplished by

threats, intimidation or coercion". *Moran v. Angelo's Super Markets, Inc.*, Suffolk Superior Ct. 73697 (memorandum and order, April 29, 1985, at 4), 13 Mass.Lawyers Weekly 1133 (May 13, 1985). Various commentators have suggested that elements of intimidation might be found in virtually every case of alleged wrongful termination. In the present case, Flynn has characterized New England Telephone's conduct as "extreme" and "outrageous". It is wholly unclear whether these conclusory allegations are meant to convey some intimidating overtones. Nor has either party addressed the possibility of any claim being asserted under the Massachusetts Civil Rights Act. Accordingly, it is appropriate to dismiss, upon the grounds set forth above, the State claims which have been clearly asserted and give Flynn thirty days to determine whether he can appropriately amend and assert a Massachusetts civil rights claim supported by adequate factual allegations and the certificate of counsel that "to the best of his knowledge, information, and belief formed after reasonable inquiry [such claim] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law". Fed.R.Civ.P. 11.