KATHLEEN CHRISTO *vs.* EDWARD G. BOYLE
INSURANCE AGENCY, INC.

No. 86-943.

Middlesex.  October 14, 1987. — November 19, 1987.

Present: GRANT, WARNER, & FINE, JJ.

Further appellate review granted, 401 Mass. 1103 (1988).

*Employment,* Discrimination. *Anti-Discrimination Law,* Termination of employment. *Massachusetts Commission Against Discrimination.*

Timely filing of a complaint with the Massachusetts Commission Against Discrimination is a prerequisite to the filing and maintaining of an action under G. L. c. 151B, § 9. [88]

This court declined to review a decision of an investigating commissioner of the Massachusetts Commission Against Discrimination dismissing a complaint as untimely, where no effort had been made to seek administrative review on that issue before the full commission. [88-90]

CIVIL ACTION commenced in the Superior Court Department on June 13, 1983.

A motion for summary judgment was heard by *Robert L. Steadman,* J., and judgment was entered by *Joseph S. Mitchell, Jr.,* J.

*Richard L. Neumeier* (*Jacqueline Y. Parker* with him) for the plaintiff.

*Karen M. Thursby* (*John J. C. Herlihy* with her) for the defendant.

*Nancy E. Dowd, Marc D. Greenbaum & Marjorie Heins,* for Civil Liberties Union of Massachusetts, amicus curiae, submitted a brief.

GRANT, J. The plaintiff has appealed from a summary judgment entered in the Superior Court which dismissed an action by which (in the only surviving count of the complaint) the plaintiff sought to recover damages under the second paragraph of G. L. c. 151B, § 9 (as appearing in St. 1974, c. 478), for

the defendant's allegedly discharging the plaintiff from its employ for reasons prohibited by G. L. c. 151B, § 1. The following facts are not in dispute.

The discharge occurred on March 17, 1982. The plaintiff filed no complaint with the Massachusetts Commission Against Discrimination (MCAD) until October 1, 1982. On May 6, 1983, the investigating commissioner, acting on motion of the defendant, entered an order dismissing the complaint because it had not been filed within the six-month period specified in the second paragraph of G. L. c. 151B, § 5, inserted by St. 1946, c. 368, § 4. The plaintiff did not appeal from that order or otherwise seek relief within the MCAD. On June 13, 1983, she commenced the present action in the Superior Court. The defendant moved for summary judgment of dismissal by reason of the plaintiff's failure to file a complaint with the MCAD within the aforementioned six-month period. The motion was allowed, and the case is here on the plaintiff's appeal from the ensuing judgment.

We think it too late in the day for the plaintiff to argue that a timely filing with the MCAD is not a prerequisite of the filing and maintenance of an action in court under G. L. c. 151B, § 9. See *Mouradian* v. *General Elec. Co.,* 23 Mass. App. Ct. 538, 540-541 (1987); *Sereni* v. *Star Sportswear Mfg. Corp.,* 24 Mass. App. Ct. 428, 430 (1987); *Carter* v. *Supermarkets Gen. Corp.,* 684 F.2d 187, 190-191 (1st Cir. 1982); *Hester* v. *Lawrence,* 602 F. Supp. 1420, 1421 (D. Mass. 1985); *Flynn* v. *New England Tel. Co.,* 615 F. Supp. 1205, 1208-1209 (D. Mass. 1985); *Ackerson* v. *Dennison Mfg. Co.,* 624 F. Supp. 1148, 1150 (D. Mass. 1986). We note that all but two of the cases just cited had been decided before the plaintiff's brief was filed in this court.[1]

The plaintiff's fallback position is that, by reason of certain facts asserted in the affidavits filed by her in opposition to the motion for summary judgment, we should hold that the six-

---

[1] The decision in the *Sereni* case should have come as no surprise because it is expressly based on what the First Circuit had said in the *Carter* case in 1982.

month period in § 5 was tolled long enough to legitimate the complaint she filed with the MCAD on October 1, 1982. A suggested alternative is that we remand the case to the Superior Court for a further hearing and determination by that court whether the six-month period should be tolled. We will not take either action because the full commission of the MCAD made clear as long ago as 1979 that it has and will exercise the power to toll the six-month period whenever the equities so require. *Roch* v. *Westinghouse Corp.,* 1 M.D.L.R. 1262, 1266-1270, 1275 (1979), *S.C.,* 384 Mass. 198, 205-208 (1981). See also *Brown* v. *Salem Police Dept.,* 6 M.D.L.R. 1542, 1551-1552 (1984). There is nothing in any of the cases cited in the previous paragraph of this opinion which would stand in the way of such action, and we note that there have been numerous instances since the decision in the *Rock* case in which investigating commissioners have proceeded on the assumption that each of them, acting singly, also has the power to toll the six-month period in appropriate circumstances. See, e.g., *Gill* v. *Delta Airlines, Inc.,* 2 M.D.L.R. 1248, 1250-1255 (1980); *Miller* v. *Needham Pub. Schs.,* 2 M.D.L.R. 1376, 1377-1379 (1980); *Daly* v. *Simplex Time Recorder Co.,* 3 M.D.L.R. 1419, 1422-1423 (1981); *Brown* v. *Salem,* 4 M.D.L.R. 1382, 1406-1407 (1982); *Traill* v. *Berkshire Life Ins. Co.,* 5 M.D.L.R. 1380, 1395 (1983); *Miller* v. *Minuteman Home Care,* 5 M.D.L.R. 1542, 1546-1547 (1983); *Jenkins* v. *BayBank Southeast,* 9 M.D.L.R. 1215 (1987) (investigating commissioner reversed her earlier dismissal).

The plaintiff does not dispute the existence of that power in the full commission or in the individual investigating commissioners. Instead, she ignores the existence of the power, ignores the fact that the investigating commissioner considered but expressly declined to exercise the power in this case, ignores the fact that she did not seek administrative relief from the order of dismissal, and asks this court to substitute itself for the full commission of the MCAD. We decline the invitation for reasons akin to those expressed in *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination,* 364 Mass. 448, 452-453 (1973); and *Melley* v. *Gillette Corp.,* 19 Mass.

App. Ct. 511, 512 (1985), *S.C.*, 397 Mass. 1004 (1986). We concur in the holdings in *Ackerson* v. *Dennison Mfg. Co.*, 624 F. Supp. at 1150; (A) that it is only the MCAD which can toll the six-month period in G. L. c. 151B, § 5, and (B) that a court which is asked to take action under G. L. c. 151B, § 9, is bound by an investigating commissioner's determination of untimely filing with the MCAD when there has been no effort to secure administrative review of that determination.[2]

*Judgment affirmed.*

---

[2] We leave to another day the question whether there might be judicial review of a final decision of the full commission on the issue of timeliness.