Sosman, J.
Plaintiff Rochelle Braveman brought the present action against her former employer, Winchester Hospital, claiming retaliatory discharge in violation of G.L.c. 152, §75B, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. Winchester Hospital has moved for summary judgment on all claims. For the following reasons, the motion is ALLOWED.
Facts
In 1987, Winchester Hospital hired Braveman, a licensed practical nurse, as an at-will employee. In July 1993, Braveman suffered a work-related injury. In December 1993, Braveman went on a medical leave due to that injury. She returned to work in January 1994 for approximately one month, but then ceased working in February 1994, again going out on medical leave.
On February 25, 1994, Braveman filed a claim for workers’ compensation. The hospital contested the claim. On June 9, 1994, the Department of Industrial Accidents awarded Braveman temporary total benefits. Braveman continues to claim that she is totally disabled, and her benefits continue to be paid.
Winchester Hospital’s personnel policies pertaining to medical leave provide that an employee may obtain up to twelve weeks of medical leave for a work-related injury. If the employee remains out on a medical leave beyond the twelve weeks, the hospital “does not guarantee employment will be available at the time the employee on extended leave is ready to return to work, although every effort will be made to offer the same or similar position to the employee.”
Braveman’s absence from work due to her medical condition has exceeded twelve weeks. On April 29,1994, Winchester Hospital sent Braveman a letter terminating her employment upon the expiration of the twelve weeks of leave. The letter specifically advised Braveman that her rights to workers’ compensation would not be affected by her termination. To date, Braveman remains totally disabled and unable to return to work.
Discussion
1.Retaliatory discharge
Plaintiff claims that Winchester Hospital terminated her employment because she asserted her rights under the Worker’s Compensation Act. The only evidence offered by Braveman is the fact of her firing. This fact, standing alone, is an insufficient basis on which to infer that the termination was retaliatory.
At argument, plaintiff conceded that her termination was in accordance with the hospital’s policy on medical leave, but argued that that policy itself is a violation of G.L.c. 152, §75B. The policy says nothing about workers’ compensation claims, nor is the amount of medical leave available based on the status of any claim for compensation. The policy merely sets a limit of twelve weeks on the injured employee’s medical leave.[1]
Nothing in the Workers’ Compensation Act requires an employer to keep an injured employee’s position open indefinitely. Indeed, the Act inherently assumes that an employee unable to perform her job will ultimately lose her position. Thus, in §75A, the Act provides that, if “a suitable job is available,” the employer is to give “preference in hiring” to an employee “who has lost a job as a result of a [work-related] injury.”[2] Accordingly, Winchester Hospital’s policy of limiting employees to twelve weeks’ medical leave, and terminating them if they remain absent for more than twelve weeks’ medical leave, is not a violation of G.L.c. 152, §75B.
2.Good faith and fair dealing
Plaintiff claims that Winchester Hospital breached its covenant of good faith and fair dealing by discharging her in violation of the public policy enunciated in §75B. As discussed above, there is no violation of §75B in the termination of Braveman. Moreover, where the legislature has created a statutory claim to address the issue, the court will not create a separate cause of action for termination in violation of public policy. See Melley v. Gillette Corp., 19 Mass.App.Ct. 511, 512-14 (1985), aff'd, 397 Mass. 1004 (1986); Bergeson v. Franchi, 783 F.Supp. 713, 721 (D. Mass. 1992).
3.Intentional infliction of emotional distress
The Plaintiff alleges a claim of intentional infliction of emotional distress based upon Winchester’s termination of her employment by notice sent in the mail. An employee’s claim for intentional infliction of emotional distress is a form of “personal injury” covered by the Workers’ Compensation Act, and is thus barred *474 by the exclusivity provisions of the Ac. G.L.c. 152, §§1, 24. See Simmons v. Merchants Mutual Insurance Co., 394 Mass. 1007, 1008 (1985).
Even if it were not barred, plaintiff fails to state a claim. Notifying an at-will employee by mail that she is being terminated after using up her maximum allowable medical leave is, as a matter of law, not the type of extreme and outrageous conduct that must be shown to make out a claim for intentional infliction of emotional distress.
ORDER
For the foregoing reasons, defendant’s motion for summary judgment is ALLOWED and it is hereby ORDERED that judgment be entered in favor of defendant.

 Plaintiff has not come forward with any evidence that this policy is only selectively enforced or followed.

Since Braveman is still unable to return to work and has not sought any re-employment at Winchester Hospital, the issue of her entitlement to preference in hiring is not before the court. If and when Braveman seeks re-employment at the hospital and is not accorded the preference outlined in §75A, she may pursue such a claim at that time.