**REDONDO CONSTRUCTION, CO., Plaintiff,**

v.

**Jose IZQUIERDO, et al., Defendants.**

**Civil No. 01–2690 (FAB).**

United States District Court,
D. Puerto Rico.

May 16, 2007.

Luis Cotto–Roman, Yolanda Benitez–Sanchez, Yolanda Benitez Law Office, San Juan, PR for Plaintiff.

Ana M. Margarida–Julia, Department of Justice, Pedro Santiago–Rivera, Milagros Ruiz–Chaar, Reichard & Escalera, Luis A. Rivera–Cabrera, Maria Del Pilar, Garcia–Incera, Ricardo A. Perez–Rivera, Luis A. Rivera Cabrera, PSC, Fernando Van–Derdys, F. Van Derdys Law Office, Pedro E. Ruiz–Melendez, Pedro E. Ruiz Law Office, PSC, San Juan, PR, for Defendants.

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Federal Rule of Civil Procedure 15(a) provides that where, as here, an answer to the complaint has already been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

That is not to say, however, that leave to amend is always permitted because the "court has discretion to deny leave to amend in the face of 'extraordinary long and essentially unexplained delay'." *Johnson v. Educational Testing Service,* 754 F.2d 20, 27 (1st Cir.1985) (*citing Carter v. Supermarkets Gen. Corp.,* 684 F.2d 187, 192 (1st Cir.1982);) *see also Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics,* 412 F.3d 215, 231 (1st Cir.2005). That is, justice does not require an amendment to be granted when it is clear that there are good and compelling reasons to decline to do so. The decision as to whether leave to amend will be permitted is committed to the sound discretion of the district court. *Johnson,* 754 F.2d at 27.

In this case, defendants argue that Redondo Construction Corporation ("RCC") joined Lillian Rivera–Correa as a defendant without leave from the Court and without their consent as required by Rule 15(a). When the request to amend the complaint was made by RCC, they further argue, RCC represented to the court that it would be limited to two specific areas: the administrative procedures at the PBA and the PRHTA and the possible effect of the bankruptcy proceedings in this case. (Docket No. 268)

Therefore, their consent "was for the very limited amendment of the complaint in specific delineated areas" because "[n]o mention whatsoever was made of adding Lillian Rivera Correa, former PBA Executive Director, as a defendant". Id., p. 3 Therefore, they contend, the Court should strike Ms. Rivera–Correa as a defendant in this case because she was improperly joined by plaintiff as a new defendant after more than five and a half (5½) years have elapsed. *Id.* In addition, they claim that the Court should strike any and all reference to Ms. Rivera–Correa because allowing RCC to include her as a new defendant at this late point of time would cause them undue prejudice, delay in the proceedings, and would be a waste of judicial resources. For example, they claim that if RCC is allowed to include Ms. Rivera–Correa as a defendant, Ms. Rivera–Correa will be entitled to file any dispositive motion and to initiate full discovery in this matter.

When the request to amend the complaint was made during the Settlement Conference held in December 19, 2006, plaintiff's counsel expressly stated that the amendment **would be limited** to the outcome of the administrative proceedings, the possible effect of the bankruptcy proceeding in this case, and the amount of damages claimed. Specifically, attorney Benitez expressed the following:

> MS. BENITEZ: And Your Honor, we want to file an amended—a second amended complaint because we want to conform the allegations precisely to the developments in the administrative case regarding the Puerto Rico Highway Authority, which are not reflected in the complaint filed before the Court. **It is nothing new.** We want the complaint to reflect that. We also want the complaint to reflect the bankruptcy filing and the additional damages related to the bankruptcy filing. So we wanted to ask from the Court for a period of time to submit the amended complaint. (Transcript of Settlement Conference, December 19, 2007, page 1) (emphasis added)

As correctly stated by the defendants, plaintiff did not obtain a leave of the Court to add Ms. Rivera–Correa as a defendant. It is also clear that RCC has delayed too long in seeking to add Ms. Rivera–Correa as a defendant and has presented no good reason why its claim against Ms. Rivera–Correa could not have been brought in 2002, when the complaint was first amended. (Docket No. 125) The argument that it was not until **February 14, 2006** that the PBA produced certain documents requested by RCC for the first time, which PBA rejects, is without merit.

Even assuming *arguendo* that RCC received the documents on February 2006, it has failed to present a valid reason for having waited eleven (11) months to amend the complaint. The record is clear that Plaintiff had sufficient opportunity to include any claim against Mr. Rivera–Correa before January 9, 2007. Furthermore, this case is more than 5 years old, discovery is concluded, and it would be highly prejudicial to the Defendants to add a new defendant at this late stage. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Justice does not require that leave to amend be given in these circumstances; the interests of justice are better served by granting defendants' request.

Consequently, PBA's "Motion to Strike as to Newly and Improper Joined Codefendant Lillian Rivera–Correa" (Docket No. 268)[1] is hereby **GRANTED.** All reference to Ms. Rivera–Correa in the Second Amended Complaint as a defendant is **STRICKEN** from the record.

**IT IS SO ORDERED.**

---

1. Although this request was originally made by the Puerto Rico Public Buildings Authority, the Secretary of Transportation and Public Works in his official capacity and Lillian Rivera–Correa joined the request. (Docket Nos. 270, 310)